Scott, J.
The defendant in error was plaintiff in the court below, where he brought his action to recover damages for personal injuries caused by his falling whilst in the act of getting off the cars of one of the railroad company’s *154 trains, upon which he was being carried as a passenger, for hire. He averred in his petition that his fall and consequent injury was occasioned by the negligence of the conductor of the train, who refused and neglected properly to stop the train at the station which was the point of destination of plaintiff below, and who requested the plaintiff to leave the train-whilst in motion; and that in endeavoring to comply with such request of the conductor, he fell, and sustained severe bodily injury, whereby he was rendered permanently lame, and was disabled from performing and transacting his necessary affairs and business; for which, and for expenses incurred, in medical treatment, he demanded a judgment.
The defendant below, by answer, denied the negligence charged, and averred that the injury complained of was caused by the plaintiff’s own negligence, etc.
The case was twice tried to a jury, and upon the second trial the plaintiff obtained a verdict for $2558 damages.
Defendant below filed a motion for a new trial, on the grounds of error in the court in excluding evidence offered by defendant, and in refusing to charge the jury as requested, and in the charge as given; and because the verdict was not sustained by sufficient evidence; because the damages were excessive; and because the petition does not state facts sufficient to constitute a cause of action.
This motion was overruled, and judgment entered on the verdict.
The assignments of error in the district court present the same questions which were raised by the motion for a new trial; a proper bill of exception having been taken upon the trial, which set out all the evidence in the case.
From the bill of exceptions taken upon the trial, it appears that the plaintiff upon the trial in the court below, offered evidence tending to show, among other things, that he was about fifty-six years of age, that his trade or occupation was that of a turner in the pottery business, at wffiich he had been in the habit of working for wages; that he had no other occupation, or means of supporting himself and family, excepting from his wages as a workman in potteries; that he w'as *155 an industrious man, always willing to work when he could; that he was a good workman, with capacity to earn full wages, up to the time of the injury complained of; and that by reason of said injury he was rendered permanently lame and crippled, and so incapacitated for working regularly at Ms said business, and earning wages as before.
The plaintiff having rested, the defendant called as a witness, one B. D. Misner, who testified that he was acquainted with Sutherland the plaintiff, and had lived close by him, in the same .village, for several years ; “ and thereupon the defendant offered to prove to the jury by' this witness that long before said accident occurred to the plaintiff, on the 8th day of April, 1864, and ever since, the plaintiff was and has been a habitual drunkard; that he would get drunk whenever he could obtain the means to procure whiskey; that his habits of drunkenness had incapacitated him for labor; and the defendants stated their object in offering said testimony to be, amongst other things, to show to what extent pecuniarily the plaintiff had been injured by said accident; and also to show that his services were worth less than the plaintiff claimed them to be; and to mitigate the damages claimed by the plaintiff in consequence of being disabled from labor, if the jury should be of opinion that he was entitled to recover any damages on thataccount. Where upon the plaintiff objected to the admission of said testimony; which objection was sustained by the court, and said testimony was ruled out, to which opinion and ruling of the court the defendant excepted,” etc.
The first assignment of error draws in question this ruling of the court. And we are constrained to say, that we are aware of no rule of law which would require or justify the exclusion of the evidence offered by the plaintiff in error. A very material part of the plaintiff’s cause of action, as stated in his pleadings, and attempted to be sustained by his evidence, was, that through the defendant’s wrongful act, he had been permanently incapacitated from pursuing his usual trade or business, and from earning by his daily labor the wages upon which he and his family were dependent for a *156 support. Now if the jury found for the plaintiff upon the issues joined, the amount of damages proper to be allowed as a compensation for this deprivation of the power of procuring profitable employment, and earning wages, would, to a great extent, depend upon the character and degree of the capacity alleged to have been impaired or destroyed, or, in other words, upon the amount of wages which the plaintiff might reasonably be expected to have been in a condition to earn, but for the injury complained of. This would necessarily depend, in a degree at least, upon the nature of his employment or business, and upon the extent to which he possessed the skill, knowledge, and capacity, in every respect, for performing the duties and labor which his particular calling or trade would require. The previous state of his health and vigor of his constitution would materially affect the question in most cases; and, in short, everything legitimately bearing upon his ability to secure employment and obtain remunerative wages might properly be considered by the jury. The plaintiff had accordingly offered evidence tending to show his good character as a workman in his trade, and his ability to earn full wages, before he was injured.
To meet this evidence, the defendant proposed to prove that the plaintiff, long prior to the occurrence of the accident stated in the petition, and thenceforward till the time of the trial, had been and still was an habitual drunkard, and that, by this habit he had been incapacitated for labor. We think it was clearly competent for the defendant to show that the capacity to labor, for loss of which the plaintiff was seeking compensation, did not arise solely from the alleged injury, but existed prior thei’eto, and had arisen from other causes.
In so far as the alleged disability to labor had ai’isen before the accident occurred, the defendant could not justly be held chargeable for it; and if causes existed prior to the accident, having a natural tendency to destroy or materially and permanently impair the ability of the plaintiff to earn wages, we think the defendant had a right to bring the existence of such causes to the knowledge of the jury. Eor the purposes for which this evidence was offered, we think it should have *157 been allowed to be introduced; and that on account of its exclusion the judgment of the court of common pleas must be reversed.
This conclusion renders it unnecessary to discuss in detail the questions arising upon the remaining assignments of error. Upon full consideration, we find no other error in the record, and reverse the judgment solely for the reason we have stated.
Brinkerhoff, C. J., and White, Welch, and Day, JIT., concurred.